UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEROLE PIERRE,

                Plaintiff,

  -against-

SASHANNA WYNTER; GARDY BRAZELA;
EDWARD A. THOMPSON; PATRICIA
McNEILL; JUAN VAZQUEZ; JAMES
SMITH; DANIELLE SASSOON; JEAN
LOUIS; LEDER ROBERTS; DETECTIVE
TRAVIS SMIKLE; DONNEL McCLEAR;
JOHN DOE DETECTIVE, FPA-8444; JOHN
DOE DSNY SUPERVISOR, Badge No. 5100;
ORTA; TERESA BERNARD; INTERNAL
REVENUE SERVICE;; MS. ALICIA; *and*
IMMIGRATION SERVICE USCIS,

                Defendants.
----------------------------------------------------------------X

**ORDER**

26-CV-2068 (NRM) (LKE)

**NINA R. MORRISON**, United States District Judge:

On April 7, 2026, *pro se* litigant Jerole Pierre filed a complaint captioned "qui tam suit under seal/TRO complaint."   Compl., ECF No. 1 at 1.[1]   Plaintiff submitted a request to proceed *in forma pauperis* ("IFP").   IFP Mot., ECF No. 2.   Because Plaintiff has not established that he is unable to pay the filing fees, his request to proceed IFP is denied.   Plaintiff is granted 14 days from the date of this order to pay the filing fees or file a Long Form IFP application.

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $55, for a total of $405.   Under 28 U.S.C. § 1915, the Court may waive the filing fees upon finding a plaintiff indigent.   The IFP statute is

---

[1] References to page numbers use ECF citation unless otherwise noted.

"intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). The statute is designed to ensure that indigent individuals have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). A litigant qualifies to proceed IFP if he "cannot because of his poverty pay or give security for" the costs of filing "and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (citation modified). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Chowdhury v. Sadovnik*, No. 17-CV-2613 (PKC), 2017 WL 4083157, at *1 (E.D.N.Y. Sep. 14, 2017) (citing cases).

A court "shall dismiss" a case that has been filed IFP if the court determines that the litigant's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often apply that provision when a litigant's statement of income and assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Bey v. Queens Cty., Supreme Cts.,* No. 19-CV-2038 (WFK) (PK), 2019 WL 11690197 (E.D.N.Y. May 1, 2019) (dismissing the action without prejudice where plaintiffs failed to pay the filing fee or submit an adequate IFP application); *Chowdhury*, 2017 WL 4083157 (directing plaintiff to pay the filing fee or file an amended IFP application); *Pinede v. NYC Dep't of Envt'l Prot.*, No. 12-CV-6344 (CBA), 2013 WL 141038 (E.D.N.Y. Apr. 8, 2013) (denying plaintiff's request to proceed IFP and directing payment of the filing fee in order to proceed).

In this case, Plaintiff does not establish indigency that would entitle him to proceed without the prepayment of fees. In his application to proceed IFP, Plaintiff indicates a monthly average income of $25,000, a home valued at $1,000,000, and other real estate valued at $1,000,000. ECF No. 2 at 1–2. Based on this information, the Court cannot find that Plaintiff is indigent and unable to pay the costs of filing, and thus the application to proceed IFP is denied. The Court directs Plaintiff to complete the Long Form IFP application available at https://www.uscourts.gov/forms-rules/forms/application-proceed-district-court-without-prepaying-fees-or-costs-long-form (and attached) or to pay the $405 filing fees to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order if he wishes to proceed with this lawsuit. If Plaintiff fails to submit a completed IFP application or to remit the filing fees within the time allowed, the action may be dismissed without prejudice.

Should Plaintiff timely submit the filing fees or establish evidence of indigency, the Court will then determine whether he has sufficiently pleaded facts establishing the court's subject-matter jurisdiction over this case. The Court must dismiss a case where it finds no basis for subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). This complaint refers to (1) the False Claims Act, 31 U.S.C. § 3729, involving false claims against the federal government; (2) 18 U.S.C. § 875, a criminal statute related to communications involving kidnapping; (3) 18 U.S.C. § 1001, a criminal statute involving false statements in matters within federal agencies; (4) the federal Freedom

of Information Act, which relates to records requests from federal agencies, not state or city agencies; and (5) New York Penal Law § 210.45, which relates to false statements and is enforceable in state courts, not federal courts.   Plaintiff also seeks unspecified injunctive relief against the Internal Revenue Service and the United States Customs and Immigration Service and "NYPD detective and agents and some member of the AG office."   ECF No. 3 at 1.   From Plaintiff's factual assertions, it is difficult to identify any basis for this federal Court's subject matter jurisdiction.

The Court will unseal this action.   While Plaintiff states that it is a "qui tam" action to be filed under seal, he does not appear to raise any claims under the federal False Claims Act, which permits a "relator" to bring claims "on behalf of and in the name of the government" against parties that have submitted false claims for federal government funds, while the "government remains the real party in interest."   *U.S. ex rel Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1154 (2d Cir. 1993).   *Pro se* litigants can only act on their own behalf and not as a *qui tam* relator on behalf of the federal government or any other party or interest.   *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf"); *United States ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, . . . they are not entitled to proceed *pro se*." (quoting *Minotti v. Lensink,* 895 F.2d 100, 104 (2d Cir. 1990))).   Since Plaintiff cannot proceed *pro se* as a relator in a False Claims Act *qui tam* case, his request to seal the action as a *qui tam* case is denied.   Plaintiff has not

presented any other grounds for sealing the action.

The Clerk of Court is respectfully requested to unseal this case and to mail a copy of this Order to Plaintiff, along with a copy of the Long Form IFP application, and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Nina R. Morrison_
NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
       April 10, 2026

5